**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS ERIC ROSS, Plaintiff, v. BRIAN STINEWAND, et al., Defendants. | No. CV 14-5291-RGK (KK) MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Douglas Eric Ross is a state prisoner in Arizona who has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). The Complaint was received by the Court on July 7, 2014, and filed on August 1, 2014, after Plaintiff was granted leave to proceed *in forma pauperis*. The Court has now screened the Complaint pursuant to the Prison Litigation Reform Act (PLRA). Based upon the reasons set forth below, the Court dismisses the Complaint with leave to amend.

I.

**SUBSTANCE OF THE COMPLAINT**

**A. Allegations**

In screening the Complaint under the PLRA, the Court "must accept as true all allegations of material fact." Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011) (citation and internal quotation marks omitted). Those allegations are as follows.

Plaintiff was transported from Arizona to California to testify at the murder trial of two men. Compl. (Docket No. 6) at 5.[1] During and after Plaintiff's time in California, all five defendants violated his Eighth Amendment rights. Id. at 3-4. Plaintiff names defendants Detective Brian Stinewand, Detective Steven Godsfrey, Deputy District Attorney Joseph Porres, Sergeant Grubbs (no first name given), and Detective Tim Brennon. Id.

After Plaintiff failed to give testimony that Stinewand wanted, Stinewand retaliated by transferring Plaintiff to county jail and telling him that people there would kill him once they found out who he was. Id. at 6. Later, when Plaintiff was brought back to his prison in Arizona, Stinewand lied to the authorities there, telling them that Plaintiff had assaulted an officer in California. Id. at 7. As a result of this lie, the Arizona prison authorities put Plaintiff in "the hole" for two weeks. Id. Throughout all of this, Stinewand acted with evil, malicious, and sadistic intent. Id.

Defendant Godsfrey also retaliated against Plaintiff for giving unhelpful testimony. He took Plaintiff to a location without cameras,

---

[1] Because the Complaint is inconsistently paginated, the Court uses the pagination provided by the Case Management/Electronic Case Files service.

then ordered other guards to slam Plaintiff on the ground. Id. at 8. Later, while Plaintiff was being strip-searched, he was hit with a "wand like instrument" and told that it was a "message" from Godsfrey. Id. The hit caused Plaintiff rectal bleeding, for which Plaintiff was denied medical treatment. Id.; see also id. at 12.

Defendant Porres allowed Plaintiff to go to the county jail, and "had [Plaintiff] transported" to court on the same bus as the defendants in the murder trial, despite knowing that Plaintiff's life would be in danger at the jail and on the bus. Id. at 9. Additionally, Porres falsely told prosecutors in Arizona that Plaintiff assaulted an officer in California, so that Plaintiff's sentence would be enhanced. Id. at 9-10. Finally, Porres failed to reimburse Plaintiff for a plane ticket that Plaintiff "paid for" so he could testify. Id. at 10. (Elsewhere in the Complaint, Plaintiff says he was driven to California. Id. at 5.) Most or all of Porres's actions were in retaliation for the fact that Plaintiff "fil[ed] a complaint." Id. at 10. Plaintiff does not explain the substance or timing of the complaint which caused Porres to retaliate.

Defendant Grubbs witnessed Godsfrey's misconduct, failed to correct it, and encouraged the continuation of it. Id. He also failed to provide Plaintiff with medical treatment, and unlawfully allowed Plaintiff to be placed in the hole. Id.

Plaintiff "had the best relationship" with Defendant Brennon. Id. at 7. Nevertheless, Brennon allowed Plaintiff's life to be put in danger by witnessing Godsfrey's behavior and failing to act. Id. at 7, 10-11.

//

//

**B. Relief Sought**

Plaintiff is suing all of the defendants in both their individual and official capacities. Id. at 3-4. Presumably, he is suing them in their official capacities because he is seeking injunctive relief, i.e., the implementation of policies and procedures to ensure the safety of material witnesses in the future. Id. at 12. Plaintiff also seeks compensatory damages of $50,000 against each defendant, except for Grubbs, against whom he seeks $25,000, and Brennon, against whom he seeks nothing. Id. at 14. Plaintiff also seeks punitive damages of $50,000 against every defendant, with no exception for Grubbs or Brennon. Id. at 15.

**II.**

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), this Court "must dismiss a prisoner's *in forma pauperis* case at any time if the Court determines that the action is (I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (citation and internal quotation marks omitted).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton, 630 F.3d at 892-93. However, the court need not accept as

true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

## III.

## DISCUSSION

Affording Plaintiff "the benefit of any doubt," id., he adequately alleges that Defendant Godsfrey committed an Eighth

Amendment violation, since he alleges that Godsfrey used physical force against him "maliciously and sadistically to cause harm." Wood v. Beauclair, 692 F.3d 1041, 1050 (9th Cir. 2012) (citation and internal quotation marks omitted). Thus, Plaintiff may proceed with his Eight Amendment claim against Defendant Godsfrey in his individual capacity.

With regard to the other defendants, however, the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To pass the screening stage, certain defects must be cured.

**A.    Failure to Demonstrate Eligibility for Injunctive Relief**

Plaintiff is presumably suing all of the defendants in their official capacity because he seeks injunctive relief — specifically, the implementation of policies to ensure the safety of material witnesses in the future. Compl. at 12. "In a suit for prospective injunctive relief, a plaintiff is required to demonstrate a real and immediate threat of future injury." Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006) (citation omitted). Thus, to seek injunctive relief, Plaintiff must not only allege that he has suffered a "concrete injury," but "demonstrate that [he is] likely to suffer the same injury in the future, absent injunctive relief." Haro v. Sebelius, 747 F.3d 1099, 1108 (9th Cir. 2013) (citations and internal quotation marks omitted).

More specifically, Plaintiff must "credibly allege" that the injury he suffered either "stems from" a written policy or is "part of a pattern of officially sanctioned" behavior. City of Los Angeles v. Lyons, 461 U.S. 95, 107 n.7 (1983); Melandres v. Arpaio, 695 F.3d 990,

998 (9th Cir. 2012) (citations and internal quotation marks omitted). Plaintiff must also credibly allege that, absent injunctive relief, he will likely suffer the same injury in the future. See Lyons, 461 U.S. at 105-06 (dismissing plaintiff's suit for an injunction against police chokeholds in his city, where he could not credibly allege that he would again be the victim of a chokehold); B.C. v. Plumas Unified School Dist., 192 F.3d 1260, 1264 (9th Cir. 1999) (dismissing claim for injunctive relief, where Plaintiff was unlikely to return to the school where his rights had allegedly been violated).

To the extent that Plaintiff has alleged a "concrete injury," he has failed to "credibly allege" that, absent injunctive relief, he is likely to suffer the same injury in the future. Plaintiff has not credibly alleged that his injuries stemmed from a written policy or officially sanctioned pattern of behavior. Nor has Plaintiff credibly alleged that he will likely suffer the same injury in the future. For these reasons, Plaintiff may not seek injunctive relief, and therefore may not sue the defendants in their official capacity.

If Plaintiff wishes to seek injunctive relief and to sue the defendants in their official capacity, he **must file a First Amended Complaint that credibly alleges that (1) his injuries stemmed from a written policy or officially sanctioned pattern of behavior, and (2) he is likely to suffer the same injuries in the future, absent injunctive relief.**

**B. Incorrect Legal Theory Against Defendants Stinewand and Porres**

Plaintiff appears to have mislabeled his claims against Defendants Stinewand or Porres. Rather than alleging that they inflicted cruel and unusual punishment, in violation of his Eighth

Amendment rights, Plaintiff seems to allege that they retaliated against him for engaging in protected First Amendment activity. Specifically, Plaintiff seems to allege that Stinewand retaliated against him for giving certain testimony, and that Porres retaliated against him for filing a complaint.

Plaintiff will be given leave to amend his legal claim against Stinewand and Porres to allege unlawful First Amendment retaliation, rather than violation of his Eighth Amendment rights. A retaliation claim has five elements: (1) that the plaintiff prisoner engaged in protected conduct; (2) that the defendant official took adverse action against the plaintiff; (3) that the adverse action was the result of the protected conduct; (4) that the defendant's action would chill an ordinary person from engaging in First Amendment activity; and (5) that the retaliatory action did not advance legitimate goals of the correctional institution. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

If Plaintiff wishes to proceed against Stinewand and Porres on a theory of First Amendment retaliation, he **must file a First Amended Complaint that specifically alleges these elements**. Plaintiff cannot rely on conclusory allegations. Rather, Plaintiff should make sure to provide factual support for his allegations, including the timing and substance of the complaint that caused Porres to retaliate.

**C. Insufficient Factual Allegations Against Defendants Grubbs and Brennon**

Plaintiff has provided specific factual allegations against Defendants Stinewand, Godsfrey, and Porres. However, Plaintiff has not made specific factual allegations against Grubbs or Brennon.

Rather, Plaintiff has made the conclusory assertions that Grubbs encouraged the continuation of Godsfrey's alleged misconduct and failed to provide medical treatment, and that Brennon failed to prevent Godsfrey's alleged misconduct. Compl. at 5, 7, 10-11. These bare assertions are insufficient to provide either Grubbs or Brennon with "fair notice" of the "underlying facts," such that they would be able to "defend [themselves] effectively." Starr, 652 F.3d at 1216.

In addition, Plaintiff may not sue Brennon simply for failing to prevent Godsfrey's alleged misconduct. For Brennon to be liable for any violation of constitutional rights, he must have been a "participant[]" in that violation, rather than a "mere bystander[]." Boyd v. Benton Cnty., 374 F.3d 773, 780 (9th Cir. 2004) (citation omitted). If Brennon was simply a bystander when Godsfrey acted unlawfully, he is not liable.

If Plaintiff wishes to proceed against Grubbs and Brennon, he **must file a First Amended Complaint that provides specific factual allegations to support claims against them.**

### D. Failure to Sufficiently Allege Deliberate Indifference to Serious Medical Needs

Plaintiff alleges that Sergeant Grubbs denied him medical treatment. If Plaintiff wishes to allege that this denial of medical care violated the Eighth Amendment, he must show that Grubbs was deliberately indifferent to Plaintiff's serious medical needs when he denied Plaintiff treatment. Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014). "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain. A prison official is deliberately indifferent to

that need if he knows of and disregards an excessive risk to inmate health." Id. (citations and internal quotation marks omitted).

Here, Plaintiff has failed to allege facts sufficient to claim that Grubbs knew about Plaintiff's serious medical needs and intentionally denied treatment for them. He has also failed to allege that Grubbs acted with deliberate indifference in denying treatment. If Plaintiff wishes to bring an Eighth Amendment claim against Grubbs for being deliberately indifferent to his serious medical needs, he must make those allegations.

## IV.

## CONCLUSION

Plaintiff need not file a First Amended Complaint to proceed against Defendant Godsfrey in his individual capacity for violating his Eighth Amendment rights. If Plaintiff wishes to proceed against only Defendant Godsfrey in his individual capacity, he must notify the Court within **30 days** of this Order.

However, if Plaintiff intends to proceed against any other defendant, or intends to proceed against Godsfrey in his official capacity, he must file a First Amended Complaint within **30 days** of this Order. The First Amended Complaint must cure the defects described in this Order. The First Amended Complaint must bear the designation "First Amended Complaint" and the case number assigned to this case ("CV 14-5291-RGK-KK"). If Plaintiff files a First Amended Complaint, his original Complaint will be treated as non-existent. Therefore, the First Amended Complaint shall not refer in any manner to the original Complaint; **it must be complete in itself and not require any prior knowledge of Plaintiff's case.** Plaintiff **shall not**

**include new defendants or new allegations that are not reasonably related to the claims asserted in the original Complaint.**

To summarize, within 30 days, Plaintiff must file **either** a notice of intent to proceed against only Defendant Godsfrey in his individual capacity **or** a First Amended Complaint that complies with this Order. If Plaintiff does not file either of those documents within 30 days, the Court may recommend that this action be dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: August 18, 2014

HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE