UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-05291-RGK (KK) | Date | January 20, 2015 |
|---|---|---|---|
| Title | DOUGLAS ERIC ROSS V. BRIAN STINEWAND, ET AL. | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**     (In Chambers) Order to Show Cause Why Complaint Should Not Be Dismissed for Failure to Comply With Court Orders

On August 29, 2014, plaintiff Douglas Eric Ross, a California prisoner proceeding *pro se*, filed a first amended complaint ("FAC") alleging a violation of his civil rights under 42 U.S.C. § 1983. On September 5, 2014, the Court issued an order permitting service of the FAC.

On September 5, 2014, the Court issued an Order Directing Service of Process by the United States Marshal ("Service Order"), in which the Court ordered the U.S. Marshal to proceed with service of process on the defendants listed therein. On the same date, the Court entered a separate Order re: Service of Process by United States Marshal ("Order re: Service") in which, *inter alia*, the Court ordered plaintiff to complete a USM-285 form for each defendant on whom the Court had ordered service, include the first and last name and other identifying information for each defendant, and then return the completed forms to the Clerk of Court. Plaintiff complied with the order in all respects, including filing a notice of submission on September 19, 2014. Accordingly, the Clerk of Court forwarded the completed forms to the U.S. Marshal to effect service.

On November 12, 2014, the Court was informed by the U.S. Marshal that the summons for defendant Steven Godsfrey was returned unexecuted. The Court was further informed that "per LASD civil litigation unit, department has 5 personnel (not all deputies) with the last name of Godfrey. There is no personnel by the name of Steven Godsfrey or Steven Godfrey." Thus, on November 21, 2014, the Court issued an order directing Plaintiff to provide "additional information regarding defendant Godsfrey if he wishes to proceed against him." The Court specifically directed Plaintiff to complete a new USM-285 form for defendant Godsfrey and to provide a new Notice of Submission

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-05291-RGK (KK) | Date | January 20, 2015 |
|---|---|---|---|
| Title | DOUGLAS ERIC ROSS V. BRIAN STINEWAND, ET AL. | | |

indicating the completed USM-285 form had been provided to the Clerk of the Court no later than December 12, 2014. The Court further warned Plaintiff that failure to complete the USM-285 form and file the Notice of Submission by December 12, 2014, would warrant dismissal of the action for plaintiff's failure to comply with the court's order and/or plaintiff's failure to prosecute.

On December 17, 2014, Plaintiff requested an extension of time to comply with the Court's November 21, 2014 Order. On December 22, 2014, the Court granted Plaintiff's request for an extension of time and provided him up to and including **January 15, 2015** to comply.

As of this date, Plaintiff has not complied with the Court's November 21, 2014 Order by filing the Notice of Submission as he was directed, nor has he requested an additional extension of time. In fact, on January 7, 2015, the Court received mail addressed to Plaintiff that was returned to the Court with the notation "Refused By Inmate" checked.

As Plaintiff appears to be refusing to receive Court orders, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to comply with court orders and/or failure to prosecute. Plaintiff shall have up to and including **February 2, 2015** to respond to this Order. Plaintiff is cautioned that his failure to timely file a response to this Order will be deemed by the Court as consent to the dismissal of this action.